CAUSE NO. 64728 _____

| | | |
|---|---|---|
| SAL GUERRERO, | § § § | IN THE JUDICIAL COURT OF |
| *Plaintiff,* | § § | |
| V. | § § | HARDIN COUNTY, TEXAS |
| STATE FARM LLOYDS, | § § § | |
| *Defendant,* | § | 88TH  DISTRICT COURT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Sal Guerrero, ("Plaintiff"), and files **Plaintiff's Original Petition**, complaining of State Farm Lloyds ("State Farm") (or "Defendant") and for cause of action, Plaintiff respectfully shows the following:

### DISCOVERY CONTROL PLAN

1. Plaintiff intends to conduct discovery under Level 2, Texas Rules of Civil Procedure 190.3.

### PARTIES

2. Plaintiff, Sal Guerrero, resides in Hardin County, Texas.

3. Defendant, State Farm Lloyds, is a foreign insurance company, engaged in the business of insurance in the State of Texas. Plaintiff requests service of citation upon State Farm, through its registered agent for service listed with the Texas Department of Insurance: **Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701, or wherever they may be found**. Plaintiff requests service at this time.

### JURISDICTION

4. The Court has jurisdiction over State Farm because this Defendant engages in the business

of insurance in the State of Texas, and the causes of action arise out of State Farm's business activities in the state, including those in Hardin County, Texas, with reference to this specific case.

## VENUE

5.  Venue is proper in Hardin County, Texas because the insured property is located in Hardin County, Texas, and all or a substantial part of the events giving rise to this lawsuit occurred in Hardin County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

6.  Plaintiff asserts claims for breach of contract, common law bad faith, violations of sections 541 and 542 of the Texas Insurance Code, and violations of the Texas DTPA.

7.  Plaintiff owned a State Farm insurance policy, number 53-LW-2732-0 ("the Policy"). At all relevant times, Plaintiff owned the insured premises located at 5244 Willowbend, Lumberton, Texas 77657 ("the Property").

8.  State Farm Lloyds or its agent sold the Policy, insuring the Property, to Plaintiff. State Farm Lloyds represented to Plaintiff that the Policy included wind and hailstorm coverage for damage to Plaintiff's property. Coverage for all perils began November 30, 2022 and ended November 30, 2023 ("Policy Period"). State Farm has refused the full extent of that coverage currently owed to Plaintiff.

9.  The Property sustained extensive damage resulting from a severe storm that passed through the Hardin County, Texas area during the Policy Period.

10. In the aftermath of the storm, Plaintiff submitted a Claim to State Farm Lloyds against the Policy for damage to the Property. State Farm assigned claim number 53-53F4-62P to

Plaintiff's claim (the "Claim"). The claim was assigned a date of loss of June 10, 2023 by State Farm.

11. Plaintiff asked State Farm to cover the cost of damage to the Property pursuant to the Policy.

12. State Farm Lloyds hired or assigned its agent, Marcus Bush ("Bush"), to inspect and adjust the claim. Bush conducted an inspection on or about July 27, 2023. Bush did not investigate the weather at or near Plaintiff's property. Bush pulled no storm reports, no wind reports and no hail reports. Bush failed to provide any findings, conclusions, or determinations related to weather to Plaintiff.

13. After failing to investigate, document, and make a final determination on storm activity during the Policy Period, Bush represented to Plaintiff an estimate of storm-related damages to the Property that totaled $1,844.84 in Replacement Cost Value. After application of depreciation and Plaintiff's $2,530.00 deductible, Plaintiff was left without adequate funds to make repairs on the entirety of the Claim.

14. State Farm, through its agent, Bush, conducted a substandard and improper inspection of the Property, which grossly undervalued the cost of repairs in its estimate and yielded an unrealistic amount to underpay coverage.

15. State Farm and Bush have ultimately refused full coverage which includes, but is not limited to, laminated composite shingle roof, flashings, windows, window screens and fascia. Specifically, the third-party inspector hired by Plaintiff to review the damage to the Property found additional damage that was completely absent from Bush's estimate.

16. The damage to Plaintiff's Property is currently estimated at $21,737.64.

17. Bush had a vested interest in undervaluing the claims assigned to him by State Farm in order to maintain his employment. The disparity in the number of damaged items in his report compared to that of the third-party inspector's, as well as the difference in valuation, is evidence of unfair claims handling practices on the part of Bush.

18. Furthermore, Bush was aware of Plaintiff's $2,530.00 deductible prior to inspecting the Property. Bush had advanced knowledge of the damages he needed to document in order to be able to deny the Claim.

19. Bush misrepresented the actual amount of damage Plaintiff's Property sustained in addition to how much it would cost to repair the damage. Bush made these misrepresentations as a licensed Texas adjuster with the hope that Plaintiff would rely on his expertise and accept the bad faith estimate as a true representation of the damages.

20. After reviewing Plaintiff's Policy, Bush misrepresented that the damage was caused by non-covered perils. Bush used his expertise to fabricate plausible explanations for why visible damage to Plaintiff's Property would not be covered under the policy.

21. As stated above, State Farm and Bush improperly and unreasonably adjusted Plaintiff's Claim. Without limitation, State Farm and Bush misrepresented the cause of, scope of, and cost to repair damages to Plaintiff's Property, as well as the amount of insurance coverage for Plaintiff's Claim or loss under the Policy.

22. State Farm and Bush made these and other false representations to Plaintiff, either knowingly or recklessly, as a positive assertion, without knowledge of the truth. State Farm and Bush made these false representations with the intent that Plaintiff acts in accordance with the misrepresentations regarding the grossly deficient damage and repair

estimates prepared by Bush.

23. Plaintiff relied on State Farm and Bush's misrepresentations, including but not limited to those regarding coverage, the cause of, scope of, and cost to repair the damage to Plaintiff's Property. Plaintiff's damages are the result of Plaintiff's reliance on these misrepresentations.

24. Upon receipt of the inspection and estimate reports from Bush, State Farm failed to assess the Claim thoroughly. Based upon Bush's grossly unreasonable, intentional, and reckless failure to investigate the Claim properly prior to underpaying coverage, State Farm failed to provide coverage due under the Policy, and Plaintiff suffered damages.

25. Because State Farm and Bush failed to provide coverage for Plaintiff's insurance Claim, Plaintiff has been unable to complete any substantive repairs to the Property. This has caused additional damage to Plaintiff's Property.

26. Furthermore, State Farm and Bush failed to perform their contractual duties to Plaintiff under the terms of the Policy. Specifically, Bush performed an unreasonable and substandard inspection that allowed State Farm to refuse to pay full proceeds due under the Policy, although due demand was made for an amount sufficient to cover the damaged Property, and all conditions precedent to recover upon the Policy were carried out by Plaintiff.

27. State Farm and Bush's misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code. Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between Defendant and Plaintiff.

28. State Farm and Bush's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (1). State Farm and Bush have failed to settle Plaintiff's Claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Specifically, State Farm and Bush have failed to, in an honest and fair manner, balance their own interests in maximizing gains and limiting disbursements, with the interests of Plaintiff by failing to timely pay Plaintiff coverage due under the Policy.

29. State Farm and Bush's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (2) (A). State Farm and Bush failed to provide Plaintiff a reasonable explanation for underpayment of the Claim.

30. Additionally, after State Farm received statutory demand on or about September 29, 2023, State Farm has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiff's Claim properly.

31. State Farm and Bush's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (4). Bush performed a biased and intentionally substandard inspection designed to allow State Farm to refuse to provide full coverage to Plaintiff under the Policy.

32. Specifically, State Farm and Bush performed an outcome-oriented investigation of Plaintiff's Claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property.

33. State Farm's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment

of Claims. TEX. INS. CODE §542.055. Due to Bush's subpar inspection, State Farm failed to reasonably accept or deny Plaintiff's full and entire Claim within the statutorily mandated time after receiving all necessary information.

34. State Farm and Bush's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056. Due to Bush's intentional undervaluation of Plaintiff's Claims, State Farm failed to meet its obligations under the Texas Insurance Code regarding timely payment of the Claim. Specifically, Bush's understatement of the damage to the Property caused State Farm to delay full payment of Plaintiff's Claim longer than allowed, and Plaintiff has not received rightful payment for Plaintiff's Claim.

35. State Farm and Bush's wrongful acts and omissions have forced Plaintiff to retain the professional services of the attorneys and law firm representing him with respect to these causes of action.

### CAUSES OF ACTION AGAINST DEFENDANT STATE FARM LLOYDS

36. All paragraphs from the fact section of this petition are hereby incorporated into this section.

### BREACH OF CONTRACT

37. State Farm is liable to Plaintiff for intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing. It follows, then,

that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between State Farm and Plaintiff.

38. State Farm's failure and/or refusal to pay adequate coverage as obligated under the Policy, and under the laws of the State of Texas, constitutes a breach of State Farm's insurance contract with Plaintiff.

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

39. All allegations above are incorporated herein.

40. State Farm's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are actionable by TEX. INS. CODE §541.151.

41. State Farm's unfair settlement practice of misrepresenting to Plaintiff material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (1).

42. State Farm's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the Claim, even though State Farm's liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (2) (A).

43. State Farm's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for underpayment and denial of the Claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (3).

44. State Farm's unfair settlement practice of failing within a reasonable time to affirm or deny coverage of the Claim to Plaintiff constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

45. State Farm's unfair settlement practice of refusing to pay Plaintiff's full Claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (7).

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

46. All allegations above are incorporated herein.

47. State Farm's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are actionable under TEX. INS. CODE §542.060.

48. State Farm's failure to notify Plaintiff in writing of its acceptance or rejection of the full Claim within the applicable time constraints constitutes a non-prompt payment in violation of TEX. INS. CODE §542.056.

49. State Farm's delay in paying Plaintiff's Claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the Claim. TEX. INS. CODE §542.058.

Filed: 12/20/2023 8:18 AM
Dana Hogg, District Clerk
Hardin County, Texas
By: Kim Langley

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

50. All allegations above are incorporated herein.

51. State Farm's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to an insured in insurance contracts.

52. State Farm's failure to adequately and reasonably investigate and evaluate Plaintiff's Claim, even though, at that time, State Farm knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## DTPA VIOLATIONS

53. All allegations above are incorporated herein.

54. State Farm's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63. Plaintiff is a consumer of goods and services provided by State Farm pursuant to the DTPA. Plaintiff has met all conditions precedent to bring this cause of action against State Farm. Specifically, State Farm's violations of the DTPA include, without limitation, the following matters:

    A. By its acts, omissions, failures, and conduct, State Farm has violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA. State Farm's violations include, (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's Claim, (2) failure to give Plaintiff the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiff's property when liability has become reasonably clear, which gives Plaintiff the right to recover under section 17.46(b)(2).

Filed: 12/20/2023 8:18 AM
Dana Hogg, District Clerk
Hardin County, Texas
By: Kim Langley

B.  State Farm represented to Plaintiff that the Policy and State Farm's adjusting agent and investigative services had characteristics or benefits they did not possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

C.  State Farm also represented to Plaintiff that the Policy and State Farm's adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D.  Furthermore, State Farm advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

E.  State Farm breached an express warranty that the damages caused by wind and hail would be covered under the Policy. This breach entitles Plaintiff to recover under sections 17.46(b) (12) and (20) and 17.50(a) (2) of the DTPA.

F.  State Farm's actions are unconscionable in that State Farm took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. State Farm's unconscionable conduct gives Plaintiff a right to relief under section 17.50(a) (3) of the DTPA; and

G.  State Farm's conduct acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

55. Each of the above-described acts, omissions, and failures of State Farm is a producing cause of Plaintiff's damages. All of State Farm's acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

## KNOWLEDGE

56. Defendant made each of the acts described above, together and singularly, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiff's damages described herein.

## WAIVER AND ESTOPPEL

57. Defendant waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## DAMAGES

58. Since the Claim was made, State Farm has not properly compensated Plaintiff for all necessary repairs made, which are covered under the Policy. This has caused undue hardship and burden to Plaintiff. These damages are a direct result of Defendants' mishandling of Plaintiff's Claim in violation of the laws set forth above.

59. Plaintiff currently estimates that actual damages to the Property under the Policy are $21,737.64.

60. Defendant made the above and other false representations to Plaintiff, either knowingly or recklessly, as a positive assertion, without knowledge of the truth. Defendant made these false misrepresentations with the intent that Plaintiff acts in accordance with the misrepresentations. Plaintiff then relied on these misrepresentations, including but not limited to those regarding coverage and the cause and scope of damage. Plaintiff suffered damages as a result.

61. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained. The above-described acts, omissions, failures, and conduct of Defendant have caused Plaintiff's damages, which include, without limitation, the cost to properly repair Plaintiff's Property and any investigative and engineering fees incurred.

62. For breach of contract, Plaintiff is entitled to regain the benefit of his bargain, which is the amount of their Claim, consequential damages, together with attorney's fees.

63. For non-compliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of benefits owed pursuant to the Policy, mental anguish, court costs, and attorney's fees. For knowing and intentional conduct of the acts described above, Plaintiff asks for three (3) times his actual damages. TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(b) (1).

64. For non-compliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's Claim, plus an eighteen percent (18%) per annum penalty on that Claim, as damages, as well as pre-judgment interest and reasonable attorney's fees. TEX. INS. CODE §542.060.

65. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendant's breach of duty, such as additional costs, economic hardship, losses due to the nonpayment of the amount State Farm owed, exemplary damages, and damages for emotional distress.

66. Defendant's breach of the common law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiff's rights and welfare, and with

"malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code. These violations are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish Defendant for their wrongful conduct and to set an example to deter Defendant and others from committing similar acts in the future.

67. For the prosecution and collection of this Claim, Plaintiff has been compelled to engage the services of the attorneys subscribed to this pleading. Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

68. As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c)(1) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks only monetary relief of $250,000.00 or less, excluding interest, statutory or punitive damages and penalties, and attorney fees and costs. A jury will ultimately determine the monetary relief actually awarded, however. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

Filed: 12/20/2023 8:18 AM
Dana Hogg, District Clerk
Hardin County, Texas
By: Kim Langley

## REQUIRED DISCLOSURES

69. Under Texas Rules of Civil Procedure 194, Defendant must disclose, within thirty (30) days of filing an answer or general appearance, the information and material described in Texas Rules of Civil Procedure 194.2(b).

## JURY DEMAND

70. Plaintiff hereby requests a jury trial for all causes of action alleged herein, tried before a jury consisting of citizens residing in Hardin County, Texas. Plaintiff hereby tenders the appropriate jury fee.

## PRAYER

Plaintiff prays that Defendant, State Farm Lloyds, be cited and served to appear and that upon trial hereof, Sal Guerrero, recovers from Defendant, State Farm Lloyds such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, as to actual, consequential, and treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court expended on Plaintiff's behalf, for pre-judgment and post-judgment interest as allowed by law, and for any other relief, at law or in equity, to which Plaintiff may show himself so justly entitled.

Respectfully submitted,

By: /s/ *Amanda J. Fulton*

Chad T. Wilson
Bar No. 24079587

Filed: 12/20/2023 8:18 AM
Dana Hogg, District Clerk
Hardin County, Texas
By: Kim Langley

Amanda J. Fulton
Bar No.24077283
CHAD T. WILSON LAW FIRM PLLC
455 E Medical Center Blvd, Ste 555
Webster, Texas 77598
Telephone: (832) 415-1432
Facsimile: (281) 940-2137
eservice@cwilsonlaw.com
afulton@cwilsonlaw.com

ATTORNEYS FOR PLAINTIFF

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Paul Holroyd on behalf of Chad Wilson
Bar No. 24079587
pholroyd@cwilsonlaw.com
Envelope ID: 82741997
Filing Code Description: Petition
Filing Description: Plaintiffs Original Petition
Status as of 12/20/2023 10:35 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Chad Wilson | | eservice@cwilsonlaw.com | 12/20/2023 8:18:16 AM | SENT |
| Amanda Fulton | | afulton@cwilsonlaw.com | 12/20/2023 8:18:16 AM | SENT |
| Paul Holroyd | | pholroyd@cwilsonlaw.com | 12/20/2023 8:18:16 AM | SENT |